## CIRCUIT COURT OF FAIRFAX COUNTY

Gilbert K. Davis

v.

Safesite Records
Management Corp. et al.

September 29, 2000

Case No. (Law) 189098

BY JUDGE F. BRUCE BACH

This matter came before the Court upon Defendant's Motion for Partial Summary Judgment. After hearing oral argument, the Court took the motion under advisement. For the reasons that follow, the Court grants the Motion for Partial Summary Judgment.

As the parties are familiar with the facts, only a very brief recitation follows. On June 22, 1995, Gilbert K. Davis entered into a contract with Safesite Storage for the storage of a collection of baseball cards. On August 4, 1998, Safesite, which had become a part of Iron Mountain Record Management (hereinafter referred to as "Iron Mountain"), sent a letter to Mr. Davis advising him that during an inventory review, it was discovered that 23 boxes of the baseball cards were missing. Mr. Davis gave notice of a claim against Iron Mountain and filed a motion for judgment alleging breach of contract, negligence, conversion, and breach of bailee duties. The Defendant filed a motion for partial summary judgment arguing that the amount of liability for damages on Counts I: breach of contract, Count II: negligence, and Count IV: breach of bailee duties is limited to $2.50 per box, as was written in the agreement that both parties signed.

Summary judgment is an appropriate remedy if there if no genuine dispute as to any material fact of a case. *See*, Rule 3:18. The facts submitted to the Court are that Mr. Davis, an attorney by profession, signed and entered into an agreement under which liability for damages was limited. Pursuant to

Virginia Code § 8.7-204, a warehouseman may limit the amount of damages in the event of loss of or damage to the property provided that there is a specific amount stated per article and the bailor is given the opportunity to increase the valuation of the articles if he so chooses. This storage contract contained a paragraph with similar language limiting liability. Moreover, Mr. Davis was given the option of increasing the value of each box in exchange for paying a higher monthly fee. Mr. Davis did not choose to increase the valuation and signed the Service and Storage Agreement which valued each carton at $2.50. As a matter of law, liability is limited with respect to damages.

The Court's decision does not affect the limitation of recovery for Count III: conversion, nor does it prevent litigation of the issue of liability on Counts I, II, and IV.